PAUL ROTH, Appellant, v. STUARD HIRSCHMAN, Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment granted in plaintiff's favor for $1,500, with interest and costs. The intention of the parties, as expressed in the contract, was that "the seller shall convey all he owns of the property." Lot No. 129, as shown on the sketch map, and lot No. 130, shown on the Bradford map, were intended to be the same lot. This lot was part of the entire tract owned by defendant, and under the contract should have been conveyed to plaintiff. Plaintiff paid the full consideration called for by the contract, viz., 129 times "$1,500 for each of said numbered lots" as shown by the sketch map, which included said lot No. 129, otherwise lot No. 130. Not having received a deed of said lot, plaintiff is entitled to credit therefor at the stipulated price per lot. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur. Settle order on notice.

JOHANN SCHULTE, Respondent, v. MASTERBILT HOUSING CORPORATION and THE CENTURY INDEMNITY COMPANY, Appellants, and STEPHEN JENSEN, Defendant.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

TRANSIT COMMISSION OF THE STATE OF NEW YORK, Appellant, v. BROOKLYN CITY RAILROAD COMPANY and Others, Respondents, and THE CITY OF NEW YORK, Appellant. (Tompkins-Culver Line.) — The stipulation that the argument of this appeal be adjourned to the November term is approved. The appeal must be argued or submitted at that term; if not, it will be dismissed. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.